UNITED STATES ex rel. TENNESSEE PRODUCERS' MARBLE CO. et a:.
v. EMPIRE STATE SURETY CO.

(District Court, S. D. Mississippi, Jackson Division. May, 1912.)

No. 6,568.

1. UNITED STATES (§ 67*)—CONTRACTORS' BONDS—ACTION FOR BENEFIT OF SUBCONTRACTOR—DEFENSES.

In an action by one furnishing material to a subcontractor for a government building, on the bond of the principal contractor conditioned as required by Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), to recover a balance due for such material, the surety or the bond cannot set off a claim for damages alleged to have been sustained by the subcontractor because of plaintiff's delay in furnishing the material, where no such claim was made by the subcontractor itself, which accepted and used the material and later promised to pay for the same.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

2. UNITED STATES (§ 67*)—CONTRACTORS' BONDS—ACTION FOR BENEFIT OF SUBCONTRACTOR—DEFENSES.

In an action by a subcontractor on a government building against the surety on the bond of the principal contractor under Act Feb. 24, 1905, c. 778, 33 Stat. 811 (U. S. Comp. St. Supp. 1911, p. 1071), where one who furnished material to such subcontractor joins in the action and is adjudged entitled to recover a balance due therefor, defendant is entitled to a deduction of the amount of such recovery from the amount which would otherwise be recoverable by the subcontractor.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 50; Dec. Dig. § 67.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by the United States, on the relation of the Tennessee Producers' Marble Company and the State Bank & Trust Company, against the Empire State Surety Company. Judgment for plaintiff.

R. H. & J. H. Thompson, of Jackson, Miss., for plaintiff Tennessee Producers' Marble Co.

Wells & Wells, of Jackson, Miss., for plaintiff State Bank & Trust Co.

Watkins & Watkins, of Jackson, Miss., for defendant.

NILES, District Judge. In this cause, the court is called upon to decide questions as to two alleged breaches of a bond executed by a surety company for a building contractor. The suit is brought in the name of the United States, on the relation of the Tennessee Producers' Marble Company and the State Bank & Trust Company, against the Empire State Surety Company; the United States being a nominal plaintiff.

From the record in this cause, it appears that one Harry A. Bishop of Chicago, Ill., a mason contractor, entered into a contract with the federal government to build an annex and other additions to the United States courthouse and post office building at Jackson, Miss., on December 18, 1908.

As required by United States statutes, Bishop, before entering upon the contract, executed a bond in the penalty of $20,000 with the Empire State Surety Company as surety. conditioned upon the faithful performance and fulfillment of all the covenants and conditions of his said contract. Among the stipulations embraced therein was:

"Now, if the said Harry A. Bishop shall promptly make payment to all persons supplying him labor and materials in the prosecution of the work contemplated by said contract, then, this obligation to be void, otherwise, etc."

Said bond was executed in compliance with the United States statutes in reference to government contracts. After entering upon the contract, Bishop sublet certain marble work provided for in said contract to the Southern Mantel & Tile Company, a corporation, which marble work the Southern Mantel & Tile Company agreed to complete in accordance with the specifications of said contract for the sum of $1,596.70. The Southern Mantel & Tile Company, in turn, contracted with the Tennessee Producers' Marble Company to do certain work and furnish the marble called for in the contract between the said Southern Mantel & Tile Company and Bishop, the contractor, for the sum of $1,150. The Tennessee Producers' Marble Company, in accordance with its contract with the Southern Mantel & Tile Company, fully and completely finished its contract. In the meantime, $231.92 had been paid by the Southern Mantel & Tile Company on its contract with the Tennessee Producers' Marble Company, leaving a balance due the latter of $918.08.

April 15, 1910, the Southern Mantel & Tile Company, through its president, assigned to the State Bank & Trust Company, Jackson, Miss., its "contract covering work at Jackson post office with H. A.

Bishop of Chicago." No notice of this assignment was given Bishop or the Empire State Surety Company until October 26, 1910, when Bishop was notified by letter of that date by the State Bank & Trust Company. Before notice of the assignment, Bishop had paid on his contract with the Southern Mantel & Tile Company the sum of $541.17, leaving a balance due on said contract of $1,084.53 and unpaid.

The Tennessee Producers' Marble Company sues for the balance of its account for labor and material furnished the subcontractor, the Southern Mantel & Tile Company, amounting to $918.08. The State Bank & Trust Company, assignee of the Southern Mantel & Tile Company, brings their suit against the Empire State Surety Company, surety on the bond of Bishop, for the full amount of the contract, $1,575.

As to the claim of the Tennessee Producers' Marble Company, the Empire State Surety Company denies liability on the ground that the marble company obligated itself to perform its contract with the Southern Mantel & Tile Company on or before June 1, 1910, but did not so complete until about September 15, 1910, thereby causing the Southern Mantel & Tile Company certain losses by reason of such delay, to the amount of about $500, which damages should be deducted from plaintiff's recovery, and which damage the surety company pleads by way of offset thereto.

In answer to the claim against it by the State Bank & Trust Company, the surety company denies liability on the ground that the Southern Mantel & Tile Company, assignor of the State Bank & Trust Company, contracted with Bishop for certain work and material to be used in the said government building, in the sum of $1,595, and that Bishop had paid the Southern Mantel & Tile Company the sum of $544.63, as set forth, without notice of any assignment to the State Bank & Trust Company, and that the surety company is therefore entitled to a credit of the amount of said payments. Further, that the Southern Mantel & Tile Company contracted with the Tennessee Producers' Marble Company, one of the plaintiffs in this suit, to do certain work, and furnish certain material to be used in the said annex to the federal building at Jackson, Miss., for the sum of $1,150, of which $231.92 had been paid by the Southern Mantel & Tile Company, leaving a balance of $918.08 due and unpaid to the Tennessee Producers' Marble Company, and that this balance owing by the Southern Mantel & Tile Company to the Tennessee Producers' Marble Company would have to be reduced from any balance which would otherwise be coming to the Southern Mantel & Tile Company, or the State Bank & Trust Company, its assignee. And, finally, that the assignee, the State Bank & Trust Company, has no right of action under the statute sued on in this cause.

The declaration of the Tennessee Producers' Marble Company was filed in court on November 16, 1911, and afterwards, December 16, 1911, upon an order of the court, the State Bank & Trust Company was permitted to file its claim in this action.

[1] While there may be difficult questions raised in this contro-

versy respecting the rights of the State Bank & Trust Company, as-signee of Southern Mantel & Tile Company, it is clear that the plaintiff Tennessee Producers' Marble Company is entitled under the statute (Act Feb. 24, 1905, c. 778, 33 Stat. 811 [U. S. Comp. St. Supp. 1911, p. 1071]) to recover its debt with interest for the proper amount of its account, as the work and material furnished was used in the United States courthouse and post office building at Jackson, and worth the sum charged. The right to so recover is admitted by all the parties to this action; but it is contended by the defendant surety company and the State Bank & Trust Company that the alleged damages sustained by the Southern Mantel & Tile Company should be deducted from the amount claimed by the marble company.

From the proof, it appears that there was some delay in the shipments of marble from the quarries of the Tennessee Producers' Marble Company, which undoubtedly delayed the Southern Mantel & Tile Company in the completion of its contract. On the other hand, it also appears that the time of delivery of the marble was not specified in the contract; that the marble as it came was accepted and used; and in a letter under date of December 1, 1910, to the marble company, the Southern Mantel & Tile Company promised to pay the full amount of its debt. In this letter, no expression hinting at damage for delay occurs. As this letter was the last in point of time introduced, it is presumably the last word from this corporation before its untimely financial dissolution. This letter reads as follows:

"We have made a strenuous effort to let you have some money on account, but we have been utterly unable to realize collection for this account. To be frank, our inability to collect on this contract has got us in a very embarrassing position as we have a great deal of our own money tied up in it, and while we realize your delay in furnishing the material causing delay to Bishop is his main ground for not paying us, still we hold no ill feeling in this matter and would certainly send you some money if it were possible to get it. However, we would be willing to close one-half of the account by three notes if you could use same to your advantage, and possibly in the meantime we could get some kind of settlement out of Bishop.

"Yours very truly,          [Signed]    Southern Mantel & Tile Co.,
                                        "By H. M. McCarthy, Pres."

In other words, the Southern Mantel & Tile Company acknowledges its debt in the full amount, and promises to pay as soon as possible, and while stating that Bishop's refusal to pay it was caused mainly by delay occasioned by slow delivery of the marble, still no hard feeling was entertained. The Southern Mantel & Tile Company, therefore, does not dispute the claim of the marble company; on the contrary, it admits it in writing, coupled with a promise to pay, eagerly offering to execute its short time notes for the exact amount.

Under the plain words of the statute, the marble company is entitled to its claim in full. It furnished the work and material which went into this government building, and this claim should not be reduced by alleged damages, because the Southern Mantel & Tile Company claim none, but admitted the correctness of the claim.

The admission of the correctness of the account of the marble company long after the completion of the contract, and that no dam-

ages were to be charged against it, and entire absence of ill feeling, accompanied with a promise to pay and an earnest desire so to do, puts an end to any claim for damages against the marble company. As to whether the right to damages is an independent cause of action, the legal title to which is not in the defendant to this suit, and therefore not carrying the right to plead it, need not be discussed, as under the proof no damages were sustained, or, if so, the marble company was exonerated from any such liability.

[2] We now come to a discussion of the claim of the State Bank & Trust Company, the assignee of the Southern Mantel & Tile Company. Counsel for this plaintiff advance the idea that, as far as the State Bank & Trust Company is concerned, one of three judgments can be entered, to wit:

"First. A judgment for the $1,000 sued for.

"Second. A judgment for the $150, or thereabouts, admitted due by the defendant, plus the damages charged against the Tennessee Producers' Marble Company, fixed undisputedly by McCarthy at $563, or a total judgment of $713.

"Third. A judgment of only $150."

Counsel insists that the first of said judgments, to wit, the $1,000 sued for, should be awarded, though anticipating objection would at once be raised, to the effect that if both the Tennessee Producers' Marble Company and the State Bank & Trust Company, assignee, should be allowed to recover, it would be to permit a recovery from the surety company of a sum greater than the contract price at which the subcontractor took the entire contract. Counsel, having treed his bear, proceeds "to shoot him up," contending: That the Tennessee Producers' Marble Company actually furnished $918 worth of work and material that went into the government building, and that the testimony shows that the Southern Mantel & Tile Company actually put in labor and material in said government building the sum of $1,590.70, without ever paying for the marble and work furnished by the Tennessee Producers' Marble Company. That because all material and labor going into a government building should be paid for as provided for by a beneficent statute, therefore, both amounts claimed by the State Bank & Trust Company and the Tennessee Producers' Marble Company should be paid by the defendant, the Empire Surety Company. That Bishop should have protected himself by requiring a bond of the Southern Mantel & Tile Company, conditioned not only to complete the work as specified, but to pay for all labor and material which went into the government building on his contract, just as the United States required Bishop to enter into such a bond. Then counsel adds that, as no question of priority of time being prior in right can arise in this case, the only question of liability is the amount of the bond, which, in this case, is $20,000, and, until it is exhausted, no question of priority of right can arise; that the only limitation in right is the exhaustion of the bond. It therefore is liable for both claims in full.

197 F.—28

Counsel for the Empire State Surety Company denies that under the statute the contractor or subcontractor who may sue upon the bond shall be paid in full the amount of his contract when his subcontractor resorts to the bond for the amount of his claim, and for authority cites Cyc. vol. 39, p. 738 et seq., to the effect that in all the decisions rendered by the Supreme Court of the United States, and other courts affecting this statute, there is no instance where a contractor and subcontractor were both permitted to recover under the same contract.

The court inclines to the theory that it was never intended under this statute that two recoveries could be had on the same bond, and the very objection anticipated by counsel for the State Bank & Trust Company is one that cannot be overcome. To quote counsel:

"To allow both the Tennessee Producers' Marble Company and the State Bank & Trust Company, assignee, to recover, * * * would be to permit a recovery from the bondsman of the government contractor for more than the contract price at which the subcontractor took the entire contract for."

To so hold would be to swing wide the doors to the perpetration of rank frauds and jobbery.

It being considered that the claim of the Tennessee Producers' Marble Company is a just one and should be paid in full, upon whom does liability fall? Primarily, upon the Southern Mantel & Tile Company, which is insolvent and cannot pay without the claim of the Tennessee Producers' Marble Company is paid from the proceeds of such an amount as the Southern Mantel & Tile Company, by its assignee, may recover from the Empire State Surety Company on the bond of Bishop, the contractor.

The surety company contends that, as it was primarily the duty of the Southern Mantel & Tile Company to pay the claim of the Tennessee Producers' Marble Company, it (the surety company) can plead said claim by way of defense, and not as an offset.

Objection, however, is made by the State Bank & Trust Company that the surety company is now seeking in this action to set off against the State Bank & Trust Company, assignee, the claim of the Tennessee Producers' Marble Company against it, and which it has no right to do; that in this action, which is one in a court of law, Bishop, the principal contractor, is not a party hereto; that Bishop could have gone into a court of equity, enjoined both of these actions, brought in all the parties, and asked in equity that the set-off of the principal be allowed as a set-off of the surety, citing in support of his contention 32 Cyc. p. 321.

The court inclines to the view that the surety company is entitled to plead the claim of the Tennessee Producers' Marble Company as a defense to the suit of the State Bank & Trust Company, and that the authority thus cited is unavailing.

The statute under which this suit is brought provides in such cases that the parties shall "have their rights and claims adjudicated in such action and judgment rendered thereon, subject, however, to the priority of the claim and judgment of the United States."

This view of the court is further strengthened by the rule laid down in Smith v. Clopton, 48 Miss. 66:

"It is the suggestion of enlightened reason that whatever defenses may be established and availed of by a surety in a court of equity against the collection of a debt may be averred and proved in a court of law."

Further, under section 3734, Code of Mississippi 1906, it is made the duty of every surety when sued alone to set up by way of defense all matters by which the principal could avail himself.

Finally, though not actually, to all intents and purposes, Bishop, the contractor, is before the court. Substantial justice can be done all the parties, and the matters in controversy adjudicated.

In view of the foregoing, the court is of the opinion that the Empire State Surety Company is indebted to the State Bank & Trust Company, assignee, in the sum of $1,084.53, with interest, less the amount of the claim of the Tennessee Producers' Marble Company against the Southern Mantel & Tile Company, to wit, $918.08; and, further, that the Empire State Surety Company is indebted to the Tennessee Producers' Marble Company to the amount of its claim, to wit, $918.08, with the proper interest charges, and that judgment should be entered in accordance therewith.